STEVENS *v.* STEMBRIDGE, administrator, for use.

1. It was, on the trial of an action upon promissory notes, erroneous to strike a paragraph of the defendant's answer, alleging, in substance, that the notes sued upon were secured by a mortgage on personalty; that the same had, before the bringing of such action, been foreclosed by the plaintiff; that in defense to the foreclosure proceeding the defendant had filed an affidavit of illegality, setting up partial payment of the notes; that a verdict was had thereon finding in the plaintiff's favor a specified amount, less than that apparently due upon the notes; that the plaintiff had entered up a judgment for this amount, which had never been reversed or set aside; that after the rendition of this judgment the defendant tendered to the plaintiff the amount thus recovered; and that by reason of these facts it had been adjudicated that the defendant was not indebted to the plaintiff in any greater sum than the amount specified in such judgment.

2. It was the duty of the court, instead of striking this portion of the answer, to allow the defendant an opportunity to introduce competent evidence in support of the same, and, upon the introduction of such evidence, to have submitted the case to the jury for their determination under proper instructions.

Argued April 26, — Decided May 27, 1898.

Complaint on notes.     Before Judge Reese.     Baldwin superior court.    July term, 1897.

*John T. Allen,* for plaintiff in error.
*Daniel B. Sanford,* contra.

LITTLE, J.    Stevens executed to Stembridge five promissory notes, and at the same time delivered a mortgage to secure their payment, on certain real and personal property.    Being indebted to the Milledgeville Banking Company, Stembridge indorsed and delivered two of the notes to that company as collateral to secure his indebtedness.    Subsequently Stembridge, for the use of the Milledgeville Banking Company, brought suit against Stevens upon these two notes.    To this action the defendant filed a plea in bar, alleging that on January 15, 1895, plaintiff, for the use of the Milledgeville Banking Company, recovered against the defendant, in the superior court of Baldwin county, a verdict and judgment for $125.00 principal, and $29.30 interest to date of judgment, on an issue joined between the defendant and plaintiff on an illegality filed to the levy of a mortgage fi. fa. in favor of Stembridge, for the use of the Milledgeville Banking Company, the mortgage having been made to secure the payment of the same notes that are sued on in this action; that the defendant, in her affidavit of illegality to the mortgage fi. fa. averred partial payment of the notes secured by the mortgage and tendered the balance due (as she has done in this plea), and the jury, on this issue, after the introduction of evidence and argument of counsel, returned a verdict as above stated; and that on a judgment entered on the verdict, a fi. fa. issued, and defendant tendered plaintiff the amount recovered, but plaintiff refused to accept the same, notwithstanding the verdict and judgment are still subsisting and in force, and therefore conclusive between the parties.    On motion of counsel for the plaintiff, the court struck so much of the plea as set up the fact of res adjudicata, on the ground that the plea raised, no issue other than such as the court could pass upon without the aid of a jury, the court holding that the issue made is one of law and not of fact, and that the issues disposed of in a trial under an affidavit of illegality to the issuance of a

chattel-mortgage fi. fa., wherein payment was pleaded, would not be res adjudicata as to a common-law suit on the notes secured by the mortgage, between the same parties, and that so much of the plea as related to the former recovery did not raise an issue which should be submitted to a jury. To this ruling the defendant excepted pendente lite, and in her bill of exceptions assigns this action of the court as error. After the introduction of evidence on other issues raised, the court directed a verdict for the plaintiff; and the motion for a new trial is based on various grounds, in addition to that assigned on the striking of the plea above mentioned. Under the view which we take of the case as presented here, it is not deemed necessary to deal with any of the questions, except that which is involved in the action of the court striking the plea of res adjudicata.

We are of the opinion that the trial judge erred in holding that the issue raised by the plea is one of law and not of fact, and that he was authorized to pass on it without the aid of a jury; and also erred in holding that the issue of partial payment of the debt determined by a judgment fixing the amount due, on the issue made by the affidavit of illegality to the mortgage fi. fa., was not res adjudicata as to the amount due, in a common-law suit brought to recover a judgment on the same debt, in the same court and between the same parties. In the case of *Robinson* v. *Wilkins*, 74 *Ga.* 47, this court ruled: "The issue made by a plea of former recovery should be submitted to the jury, under proper instructions from the court as to the effect of the adjudication pleaded in bar." In that case it appeared that a former adjudication was pleaded, and the trial judge overruled a motion to strike the plea, but sustained a motion to dismiss the plaintiff's action on the ground of the former adjudication. This court, in rendering the opinion, held that the motion to strike the plea was properly overruled, but disapproved (though for other causes stated in the opinion it did not reverse) the judgment of the court dismissing the plaintiff's action, the court saying: "According to our practice, however, the issue made by the plea should have been submitted to the jury, to be passed upon by them under the evidence adduced, and the court should not have ordered the case dis-

missed, even when it was apparent that the plea was fully sustained by the production of the record upon which it was founded, but the jury should have been directed to find for the defendant upon that plea." That case is controlling upon the proposition that where a proper plea of res adjudicata is filed, the court is not authorized to settle the issue raised without the intervention of a jury, though in a proper case it might direct a verdict.

The remaining question to be determined is, whether the judgment rendered in the case which was made by the levy of the mortgage fi. fa. and the affidavit of illegality filed by Stevens, as set out in the plea, constituted an adjudication of the right of the plaintiff to recover in the present action, and whether the plea was sufficient in form and substance, if supported by the record of the former action, to render the doctrine of res adjudicata or former recovery applicable. Section 5348 of the Civil Code provides that "A judgment of a court of competent jurisdiction is conclusive between parties and privies as to the facts which it decides, until reversed or set aside." Section 3741 declares that "An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation." In his work on Judgments, Mr. Freeman says : "To make a matter res adjudicata, there must be a concurrence : 1st, of identity of the subject-matter; 2d, of the cause of action; 3d, of persons and parties; 4th, in the quality of the person against whom the claim is made." Freeman on Judgments, § 252; 3 Kansas, 397; 30 La. 861; 2 Bouv. Dic. title Res Adjudicata. Under the rule laid down in Massachusetts, which seems to be both clear and comprehensive, the court will inquire, 1st, whether the subject-matter of the controversy has been brought in question and within the issue in the former proceeding, and has terminated in a regular judgment on the merits; 2d, whether the former suit was between the same parties in the same right or capacity, or their privies claiming under them ; 3d, whether the former judgment was before a court of competent jurisdiction. 1 Gray, 299; 57 Ill. 126; 13 Mich. 75. The Supreme Court of the United States, in considering the effect of a judgment upon a subsequent action involving the

same issues, but a different, though similar, subject-matter, reached the conclusion, that when an issue is in fact litigated and determined, such determination is conclusive upon parties and privies in any subsequent action in which the same issue is in question, though the subject-matter of the action be different; but held that, to invoke this rule successfully, it must be shown that in the former action the issue was in fact litigated and decided. It is not sufficient that it is there so involved that it might have been litigated. 94 U. S. 351; Ib. 423; Ib. 606. Section 2765 of the Civil Code provides that "When an execution shall issue upon the foreclosure of a mortgage on personal property, as hereinbefore directed, the mortgagor, or his special agent, may file his affidavit of illegality to such execution, in which affidavit he may set up and avail himself of any defense which he might have set up, according to law, in an ordinary suit upon a demand secured by the mortgage, and which goes to show that the amount claimed is not due." Under this provision of the code, it is apparent that the defendant in the present action was authorized to set up, in her affidavit of illegality to the levy of the mortgage execution, any defense which she could set up to the notes sued on. She alleges in her plea that in the affidavit of illegality she did plead partial payment of the notes covered by that mortgage and involved in this action; that under the issue raised by that affidavit, the jury rendered a verdict finding that she was due on the notes one hundred and twenty-five dollars principal and a given amount as interest; that the plaintiff took a judgment for that amount, and that judgment has never been excepted to, and now stands unreversed as an adjudication by a court of competent jurisdiction of the amount due by her on the notes involved in this controversy. Applying the rules which govern under the preceding citations, it must follow that the court erred in striking the plea, and that instead it was the duty of the trial judge to have allowed the defendant an opportunity to introduce competent evidence in support of the same, and, upon the introduction of such evidence, to have submitted the case to the jury for their determination under proper instructions.

*Judgment reversed. All the Justices concurring.*