1711.   GONACKEY, by next friend, *v.* GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION.

1. All contracts of an infant in relation to personal property, whether executory or executed, may be disaffirmed by the infant during his minority; and, for the purpose of enforcing such disaffirmance, the infant can bring suit in law or equity, by guardian or next friend.
2. Where an infant beneficiary under a policy of insurance has made a settlement with the company for less than the face value of the policy, he can, nevertheless, by next friend or guardian, during his minority, sue for the full amount of the policy; and if the amount paid to the infant by the company on the settlement has been spent or squandered by him, and he is not able to make restitution, the amount of the policy can be recovered without restitution. The doctrine that, in order to recover, a minor must first restore what he has received on the contract which he seeks to disaffirm, is applicable only to a case where he is able at the time of the disaffirmance to make restitution.
3. In a suit to recover money on an insurance policy, failure to incorporate in the petition, or attach thereto as an exhibit, "what appears upon the

face or in the body of the policy" is an amendable defect, and should be taken advantage of by a special demurrer.

Action on insurance policy, from city court of Fitzgerald— Judge Jay.   February 10, 1909.

Submitted March 31,—Decided June 29, 1909.

*O. H. Elkins,* for plaintiff.   *Crum & Jones,* for defendant.

HILL, C. J. Elizabeth Bell Gonackey, a minor, by next friend, brought suit for $300, on a policy of insurance, issued by the defendant; on the life of her brother, in which she was named as sole beneficiary.   The petition makes the usual allegations showing liability, except that it fails to set forth or to attach as an exhibit the contract of insurance or the essential parts thereof.   As a reason for this failure, it is alleged that the policy was surrendered to the company before the suit was brought, under the following circumstances:   Within ten days immediately following the death of the insured, petitioner was paid $50 by one Robinson, an agent of the company, when she delivered the policy to him and signed a receipt of some kind for the money paid to her.   She delivered the policy to the company for the reason that she thought she was entitled to receive no more than $50 thereunder, but, subsequently ascertaining that she was entitled to the full amount of the policy, she made a demand on the company for it through her next friend through whom she now sues, which demand was refused, and the policy contract is in the possession of the company.   It is also alleged that the petitioner is unable to pay the $50 which was paid to her on the policy, because she has spent the whole amount and is unable to make any restitution.   The company filed a general demurrer, making the contentions, (1) that the contract made by the infant beneficiary with the insurance company in settlement of the policy was fully executed, and can not be avoided during infancy; (2) that the infant must make restitution of the $50 to the company before disaffirming the contract.   In the argument before this court the further point was made that the court below properly sustained the demurrer because the plaintiff did not attempt to comply with the mandate of the Civil Code, § 4963, which requires that in suits to recover money on insurance policies, "what appears upon the face or in the body of the policy" shall be set out in the petition or attached thereto as an exhibit.   There was no special demurrer.   The court sustained the general demur-

rer and dismissed the petition; and error is assigned on this judgment.

1. All contracts made by an infant relating to personalty can be avoided during minority as well as after the infant has attained majority; and this right applies to executed as well as to executory contracts. *Harris* v. *Cannon,* 6 *Ga.* 382; *Smith* v. *Smith,* 36 *Ga.* 189 (91 Am. D. 761); *Nathans* v. *Arkwright,* 66 *Ga.* 186; Clark on Contracts (2d ed.), 164; 22 Cyc. 611. These authorities announce the rule, that while a deed to land, executed by an infant, can not be disaffirmed during his minority, although he may enter on the land and take the profits until the time arrives when he has the legal capacity to affirm or disaffirm, this rule does not apply to a contract relating to personalty, and that such a contract may be avoided by him while he is still an infant. Clark, in his work on Contracts, supra, states that the rule is general, and almost universal, that an infant may avoid any contract relating to his personal property before he becomes of age; and cites many authorities in support of this dictum. Probably the statement of the rule that an infant can not disaffirm his deed to land is subject to the exception that if, in order to protect the infant in his rights, it should be necessary that the deed be avoided before his majority, it might be done by him, suing by his guardian or next friend.

2. Following the weight of authority on this subject, it has been held by the Supreme Court that while an infant should not be allowed to avoid his contract without making restitution of any money or property which he has received under the contract, yet he is not required to make restitution as a condition precedent to a disaffirmance, unless, at the time of the disaffirmance, he has the fruits of the contract in his possession. If he can not restore, he is not required to do so. This has been expressly ruled by this court in the case of *Hughes* v. *Murphy,* 5 *Ga. App.* 328 (63 S. E. 231), and by the Supreme Court in *Shuford* v. *Alexander,* 74 *Ga.* 295, and *Southern Cotton Oil Co.* v. *Dukes,* 121 *Ga.* 788 (49 S. E. 788). See also Clark on Contracts, 171; 22 Cyc. 614, 616; 16 Am. & Eng. Law (2d ed.), 293, and elaborate note on the subject to the case of *Englebert* v. *Troxell,* in 26 L. R. A. 177 (s. c. 40 Neb. 195, 58 S. E. 852, 42 Am. St. R. 665). The cases of *Strain* v. *Wright,* 7 *Ga.* 568, *Harris* v. *Collins,* 75 *Ga.* 97, and

*Thomason* v. *Phillips, 73 Ga.* 140, relied upon by the defendant in error, on their facts are not in conflict with the decisions of the Supreme Court above cited. In each of those cases it appeared that the minor was, at the time of the disaffirmance of his contract, in possession of the fruits of the contract and could make restitution. Even if the plaintiff in this case were required to restore the money which was paid to her when she surrendered the policy to the company, there would still be due her under the policy, according to the allegations of the petition, the sum of $250. But, for the reasons stated, we think she was entitled to recover the full amount of the policy, without any deduction on account of the $50 which had been improperly and imprudently paid to her by the company, and which she had perhaps improvidently spent or squandered.

3. The contention that the general demurrer was properly sustained because there was no compliance with §4963 of the Civil Code, which requires that in a suit on a contract of insurance the essential parts of the contract shall be made a part of the petition, is not well taken. It appears that this question was not raised in the court below; and certainly it can not be raised here for the first time under a general demurrer. If the petition was defective for this reason, it should have been pointed out by a special demurrer; since this defect went merely to the form of the petition, and could have been met by an amendment. A special demurrer on this ground would have presented to the court below the question as to whether the plaintiff was excused from complying with this section of the code, because of the allegation that the insurance policy had been delivered by her to the company. If the trial court had concluded that the provisions of this section should have been complied with, notwithstanding the fact that the policy had been delivered to the company and was then in its possession, a proper amendment could have been made to the petition, and the court could have required a summary production of the policy by the defendant, or could have given the plaintiff time to perfect such amendment and to require the production of the policy by the company under proper notice. Civil Code, §§4963, 5642. It has been frequently held that a failure to attach a bill of particulars, where required, did not authorize a dismissal on the ground that the petition did not, without such a bill of particulars, set

forth a good cause of action. The defect is amendable, must be taken advantage of by special demurrer, and is cured by the verdict. *Dill* v. *Jones*, 3 *Ga.* 79; *Wilson* v. *Stricker*, 66 *Ga.* 575; *Simpson* v. *Wicker*, 120 *Ga.* 418 (47 S. E. 965); *Social Benevolent Society* v. *Holmes*, 127 *Ga.* 587 (56 S. E. 775). For the reasons stated, we conclude that the judgment sustaining the demurrer and dismissing the petition was erroneous.

*Judgment reversed.*