### 5851.  McCLELLAN v. RAWLING.

1. The provisions of section 5541 of the Civil Code are substantially complied with when, in a suit against the maker of a large number of promissory notes, a copy of one of the notes is attached to the petition, and it is alleged in the petition that all of the other notes are exactly like it "in form and substance, except as to dates of maturity, which are one month apart in succession."

2. In a suit, when the provisions of section 5541 of the Civil Code, as to attaching copies of contracts, obligations to pay, etc., to the petition, are not complied with, the objection should be made in the form· of a special demurrer to the petition itself, and if not so made, the defect is cured by the verdict, and is not a good ground for a new trial.  *Reed* v. *Equitable Trust Co.*, 115 *Ga.* 781 (42 S. E. 102); *Gonackey* v. *General Accident &c. Corp.*, 6 *Ga. App.* 381 (65 S. E. 53), and cases therein cited.

3. Where a claim is allowed as a recoupment in a suit on a series of promissory notes (in each of which it is stipulated that if any of them should become due and remain unpaid longer than sixty days after maturity, then all the remaining notes should be considered as due, and a right of action on all would at once exist), it does not ipso facto pay the notes which are in default, so as to prevent a right of action on the whole series of notes, in the absence of an agreement to so apply it, or of a demand that it should be so applied.

DECIDED MARCH 23, 1915.

Complaint; from city court of Atlanta—Judge Reid.  April 17, 1914.

*L. R. Ray, Kemper & Weaver,* for plaintiff in error.

*Etheridge & Etheridge, Bryan & Middlebrooks, G. W. Parker,* contra.

BROYLES, J.   On June 18, 1912, Mrs. Ida B. McClellan purchased from William Rawling a dwelling house and lot for $4,000. Mrs. McClellan paid $25 in cash, and gave 92 purchase-money notes payable monthly (all for $25 except the last, which was for $21).   The first note fell due August 1, 1912, and the last was payable March 1, 1920.   There was a clause in each note as follows:  "I hereby agree that if any one of the said notes shall become due and remain unpaid at one time longer than sixty days after maturity, then all the remaining unpaid notes shall be considered as due, and the right of action on all shall at once exist." Mrs. McClellan paid the first three notes, which fell due August 1, September 1, and October 1, respectively.   The note which fell due November 1, 1912, was not paid.   On June 17, 1913, Rawling brought suit on all the unpaid notes, alleging that note No. 4, due November 1, 1912, was unpaid and had remained unpaid longer than sixty days, and that he had exercised his option to declare the entire series of notes due.   On July 7, 1913, Mrs. McClellan filed her answer, in which she made no claim whatever that the house was in an unfinished condition when she bought it and moved into it, or that the plaintiff had verbally agreed to finish it. She made no claim of set-off or recoupment whatever against the plaintiff's suit.   On April 16, 1914, she filed an amended answer in which she for the first time set up that the house was in an unfinished condition when she moved in, and that the plaintiff made a verbal agreement with her that he would complete it before the first note fell due; and in this amended answer she sets up a claim for recoupment.

We think it necessary to discuss the 3d headnote only.   Mrs. McClellan claims that the house was in an unfinished condition when she moved in, and that Rawling promised to complete it, and that this promise was never carried out, and that it would require at least $150 to complete the house in the manner that Rawling had promised.   This alleged verbal contract, however, according to Mrs. McClellan's own testimony and her amended answer, was made before she signed the written contract for the purchase of the property and gave her purchase-money notes in payment of

the same. In this written contract nothing was said about the house being unfinished, or an agreement of Rawling to complete it. Under the law, the former verbal contract, if any, was merged into the later written contract; and when suit was brought on this written contract this alleged verbal agreement, as set up in the amended answer, was a plain attempt to vary the written contract by a parol agreement, and therefore was not legal. The fact that, upon the trial, counsel for Rawling voluntarily agreed to allow Mrs. McClellan a credit of $150 on his claim against her, and at the same time asked the court to direct a verdict for Rawling for the balance of the money due upon the 89 unpaid notes, should not be allowed to have the effect of defeating the plaintiff's suit by allowing this credit of $150 to extinguish all the notes which were in default at the time of the filing of the suit. The plaintiff might be very willing to agree to the one thing, and very unwilling to agree to the other. They are very far from being the same. In her original answer Mrs. McClellan did not claim the $150 set-off, or any other amount. And it was more than a year after the default of the note due November 1, 1912, that she made this claim in her amended answer. But in neither the original nor the amended answer did she demand that Rawling should credit this claim upon the purchase-money notes which were in default. Neither did she testify that she had ever demanded or requested Rawling to credit this claim upon her notes, nor that she had paid or offered to pay the remaining purchase-money notes. In 1 Wiltsie on Mortgage Foreclosure, 75, § 57, it is said: "It has been said, and the decision is well-founded in principle, that the existence of a debt due from a mortgagee to a mortgagor, which may be set off against the mortgage, does not ipso facto pay the interest so as to prevent default by which the whole mortgage debt becomes due, in the absence of an agreement to apply it on the mortgage, or of a demand that it should be so applied." While, of course, the case at bar is not a mortgage foreclosure, we think the principle involved is the same, and that it may well be applied here.

Under our view of the law, there being no other legal result possible, the court did not err in directing a verdict for the full amount sued for, less the $150 recoupment allowed.

*Judgment affirmed. Russell, C. J., dissents.*