DRISKAL *v.* MUTUAL BENEFIT LIFE INSURANCE CO.

Where to a petition brought to recover upon a life-insurance policy the defendant company filed its general and special demurrers, the special demurrer calling for certain material information and for more distinct allegations as to certain provisions of the policy, and the court sustained this demurrer but granted leave to the plaintiff to amend the petition within thirty days, to which ruling no exception was taken, it was not error to dismiss the petition upon the failure of the plaintiff to meet, in the amendment which was thereafter offered, the demurrer which had been sustained.

JANUARY 13, 1916.

Action upon insurance policy. Before Judge Park. Baldwin superior court. September 12, 1914.

Ella Driskal, alleging herself to be the widow of Levi C. Driskal, brought suit against the Mutual Benefit Life Insurance Company; paragraphs 5 and 6 of the petition being as follows: (5) "Your petitioner avers, that, for and in consideration of certain annual premiums paid to said defendant company, said company issued

to said Levi C. Driskal, deceased, a life-insurance policy contract, payable to your petitioner, in the sum of $1,000.00, in which your petitioner was named as beneficiary. Copy of the face of said policy contract is hereto attached and made a part of this petition and marked exhibit 'A'." (6) "Your petitioner avers that under the terms of said policy contract said sum of $1,000.00 became due and payable upon the death of said Levi C. Driskal upon proof of death having been submitted to defendant company." It was further alleged that due notice and proof of the death of the insured had been furnished to the defendant, and that petitioner had "otherwise performed all the conditions imposed upon her by defendant company by the terms of said policy contract." The material portions of the face of the policy as attached to the petition are as follows:

"This policy witnesseth, that the Mutual Benefit Life Insurance Company, in consideration of the statements and agreements in the application for this policy, which are hereby made a part of this contract, and the sum of seven dollars and eighty-nine cents, to be paid at or before twelve o'clock M., on the seventeenth day of September, December, March, and June in every year during the continuance of this policy, does insure the life of Levi C. Driskal, of Milledgeville, in the county of Baldwin, State of Georgia, in the amount of one thousand dollars, for the term of life, payable to Ella Driskal, wife of Levi C. Driskal, in case she survives the insured—otherwise to the said insured, his executors, administrators, or assigns, at its office in the City of Newark, New Jersey, upon due and satisfactory proof of interest and of the death of the said insured, deducting therefrom all indebtedness of the party to the company on this policy, together with the balance, if any, of the then current year's premium. Provided, that in case the said premiums shall not be paid on or before the several days hereinbefore mentioned for the payment thereof, at the office of the company in the city of Newark, or to agents when they produce receipts signed by the president or treasurer, then and in every such case this policy shall cease and determine, subject to the provisions of the company's non-forfeiture system as indorsed hereon, with accompanying table."

The defendant demurred to the petition, upon the following grounds among others: "Defendant asks that said petitioner be re-

quired to set forth clearly and succintly the payment by the insured of the premiums required to be paid by him, and, if said premiums were not paid, that said petitioner be required to set forth the terms, conditions, and circumstances under the non-forfeiture system referred to in the face of said policy as attached to said petition, under which it is claimed by petitioner that said insurance remained of force until the death of said insured. Defendant shows that the language in paragraph 5, to wit, 'Your petitioner avers, that, for and in consideration of certain annual premiums paid to said defendant company, said company issued to said Levi C. Driskal, deceased, a life-insurance policy contract,' was evidently intended to refer to the original premium paid at the time of the issuance of said policy; but that if it is claimed to refer to any other premiums, defendant insists that the same is too vague, uncertain, general, and indefinite to show a compliance by said insured with the terms referred to in said contract attached to the petition as exhibit 'A'; and defendant asks that the allegations thereof be made specific and definite, under the terms of the contract, or that said paragraph be stricken, and that said petition be dismissed. . . Defendant demurs to paragraph 6 of said petition, for that said paragraph is in contradiction of the contract attached to said petition as a part thereof, and for that said paragraph does not set forth that said insured paid the quarter-annual premiums required by said contract to be paid by him to keep said policy in force, nor does said paragraph set forth any other conditions other than the payment of said quarter-annual premiums under which said policy could be kept of force. Defendant asks that said petitioner be required either to fully set forth, in connection with paragraph 6 of said policy, that said insured paid the quarter-annual premiums promptly as they became due up to the time of his death, or such other terms, circumstances, or conditions under which it is claimed by said petitioner that said insurance remained in force notwithstanding any failure on the part of insured to continue the prompt payment of said quarter-annual premiums."

The court passed an order sustaining the demurrer, with leave to the plaintiff to amend her petition within thirty days. The plaintiff amended, on July 16, 1914, by adding a paragraph as

follows: "Plaintiff avers that the said insured during his life, upon the several dates when the same fell due, paid, and the same were accepted by the defendant, all premiums due. upon said life-insurance policy contract necessary to carry and to keep in force the said contract up and until the date of the death of the insured, to wit, December 20, 1911." This amendment was allowed and ordered filed. On the hearing the court passed an order holding that the petition as amended did not meet the requirements of the law with regard to setting forth plainly, fully, and distinctly the ground of petitioner's demand, and accordingly sustained the demurrer and dismissed the action.

*Sibley & Sibley,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman,* for defendant.

BECK, J. (After stating the foregoing facts.) The court did not err in dismissing this case after the amendment filed by counsel for petitioner. It is unnecessary to enter into a discussion as to the merits of the original demurrer to the petition and the amendment offered thereto on the 16th of July. The court sustained this demurrer, and there is no exception to that ruling. Consequently, the first ruling sustaining the demurrer and allowing the petitioner a certain time within which to file amendments became· the law of the case. In sustaining the special demurrer which called for certain information, the court ruled that the defendant company was entitled to the information called for by the special demurrer, and that the petition was defective in the respects wherein it was claimed in the demurrer to be defective; and it is manifest that the amendment to the petition, which was made subsequently to the ruling sustaining the demurrer, did not meet the demurrer which had been sustained. Without taking up in detail all of the points of attack in the demurrer, attention is called to that part of the demurrer in which the demurrant asks "that said petitioner be required to set forth clearly and succinctly. the payment by the insured of the premiums required to be paid by him, and, if said premiums were not paid, that said petitioner be required to set forth the terms, conditions, and circumstances under the non-forfeiture system referred to in the face of said policy as attached to said petition, under which it is claimed by petitioner that said insurance remained of force until the death of said in-

·sured." In her petition the plaintiff alleges "that a copy of the face of said policy contract is hereto attached and made a part of this petition." In the face of the policy it is provided that upon the failure of the insured to pay premiums at certain times specified "this policy shall. cease and determine, subject to the provisions of the company's non-forfeiture system as indorsed hereon, with accompanying table." It does not appear from the declaration whether the petitioner relied upon the payment of each and all quarterly premiums up to the time of the death of the insured, or whether she relied upon the provision in the non-forfeiture clause referred to in the face of the policy as being indorsed upon the policy. And the demurrer originally filed by the defendant asks for a declaration upon this subject;.and the sustaining of this demurrer was a ruling controlling in the case, as it was not excepted to, that the defendant was entitled to the information insisted upon in this part of the demurrer. The plaintiff did file the following amendment: "Plaintiff amends her petition by adding to paragraph 5 the following to be numbered 5 (a) : 'Plaintiff avers that the said insured during his ·life, upon the several dates when the same fell due, paid, and the same were accepted by the defendant, all premiums due upon said life-insurance policy contract necessary to carry and to keep in force the said contract up and until the date of the death of the insured, to wit, December 20, 1911.'"

An averment that the insured during his life paid all premiums due upon said life-insurance policy contract necessary to carry and keep in force the said contract, can hardly be regarded as a statement of a fact; it is rather a statement of a conclusion of the pleader; and even if it were a statement of fact, it is not the statement of facts which the defendant had insisted in its demurrer that it had a right to be put in possession of. It did not meet the ruling of the court sustaining the demurrers; and having failed to meet that ruling upon the demurrers, and no further amendment being offered or time requested in which to file further amendments, the court properly, in view of its former ruling, dismissed the petition.

It is unnecessary to discuss certain other grounds of demurrer which appear in the record and which were sustained by the court; but it may be added that the amendment made failed also to meet

those grounds of demurrer which we have referred to above in a general way.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*