### 13595. SPARKS & HUTSON *v.* FORT *et al.*

The grounds of the defendants' special plea, (1) that the suit is barred by reason of a former adjudication, and (2) that it can not be maintained on account of plaintiffs having previously elected to pursue a different and inconsistent remedy, are each without merit, under the facts set forth in the plea.

DECIDED FEBRUARY 10, 1923. REHEARING DENIED MARCH 1, 1923.

Action for breach of contract; from Stewart superior court — Judge Littlejohn. March 28, 1922.

The present action is one ex contractu, based upon an alleged breach by the defendants of a specified clause in a written contract signed by the parties, which is attached to the petition as an exhibit. Plaintiffs seek damages for a breach of the contract in the sum of $2,500, alleging failure by the defendants to perform their agreement therein to return to the plaintiffs said sum, which is al-

leged to have been turned over by the plaintiffs to the defendants with the understanding that it was to be deposited, and which in fact was deposited by the defendants with a designated bank, there to be kept on deposit pending the happening cf certain contingencies provided for by the contract and under which plaintiffs contend they have become entitled to its return. The defendants filed a special plea, setting up: (1) a bar to the present action on account of a previous adjudication on general demurrer in a suit between the same parties concerning the same subject-matter; and (2) that the plaintiffs were estopped from maintaining their present action, by reason of having previously elected to pursue a different and inconsistent remedy, which had been determined adversely to them under a judgment rendered on a general demurrer to the petition in such former trover case. This special plea as entered by the defendants was in terms as follows:

" Now come the defendants in the above-stated case, and file these their pleas in bar to the petition in said case, and for such pleas they show:

" 1. That the plaintiffs are barred and estopped from prosecuting this action, for the reason that all issues of law and fact raised by plaintiff's petition have been finally adjudicated in a prior action between these same parties and involving the same subject-matter as set forth in this case, as will more fully hereafter appear.

" 2.   Defendants show that on the 24th day of March, 1921, these plaintiffs brought an action against defendants, returnable to the superior court of said county convening the third Monday in April, 1921, said petition seeking the recovery of the *sum* of ' twenty-five hundred dollars in lawful money which was deposited with said defendants, it being the said twenty-five hundred dollars which was delivered to said defendants by petitioner on or about the 5th day of November, 1919, and to be returned to your petitioner when said . . [plaintiffs] should request same.' By amendment to said petition the money sued for was further described as ' twenty-five hundred dollars in lawful money of the United States and legal tender for all debts on the 2d day of April, 1920, the said property, to wit, twenty-five hundred dollars, was and is the said *sum of* [italics ours] twenty-five hundred dollars which went into possession of the defendants named in this suit on the 5th day

of November, 1919, and was by the defendants *to be deposited in* *the Farmers State Bank* [italics ours], located in Lumpkin, Georgia, and to be returned to plaintiff after ninety days from November 5th, 1919, when called for by plaintiffs, and plaintiffs aver that same *was deposited* [italics ours] in the Farmers State Bank, which the said defendants agreed to do.'. A copy of the said petition and the amendment thereto allowed by the court are hereto attached and marked ' Exhibits A and B,' and the usual leave of reference to same is prayed.

" 3.  Defendants show that the petition in said former case as amended seeks recovery for the same money and upon the same transaction as the recovery sought in this case, as will clearly appear by reference to both of said petitions.

" 4.  Defendants show that on April 20th, 1921, they filed a general demurrer to said petition of these plaintiffs, a copy of said demurrer being hereto attached and marked ' Exhibit C ;' that at the April term aforesaid argument was had by counsel upon the foregoing demurrer, and said demurrer was then sustained by the court, and the following order entered thereon by the court: ' After argument it is ordered that the above demurrer be sustained as to the petition as amended, and said declaration be dismissed, and that defendants recover of plaintiffs $       costs for officers of court.'  Copy attached marked ' Exhibit D.'

" 5.  That an appeal was duly taken by these plaintiffs to the Court of Appeals of Georgia, in order to review the judgment of this court in sustaining said demurrer and dismissing plaintiff's petition, and said order was affirmed by the Court of Appeals of Georgia in case No. 12,539 in that court, by opinion rendered August 3d, 1921, and a remittitur affirming said judgment from that court was returned to this court and appears of file herein.

" 6.  Defendants show that the order sustaining the general demurrer to plaintiffs' former petition, which sought recovery upon the same transaction alleged in the petition in this case, said order having been affirmed by the Court of Appeals, is a final adjudication in favor of defendants upon the merits of this case, and is conclusive upon the plaintiffs as to their right of recovery, and constitutes an estoppel against the plaintiffs from prosecuting this action.

" 7.  And for further plea defendants show that these plaintiffs

are estopped from pursuing and maintaining this action, because that, for the same cause of action, to wit the recovery of the $2,500 sued for, plaintiffs did elect to bring, and did bring, an action ex delicto, the same being an action in trover brought to the April term, 1921, of this court, to which said suit these defendants filed their *general demurrer* [italics ours], being hereto attached and marked Exhibits A and B respectively, and above referred to, which said *general demurrer* [italics ours] was by this court sustained and plaintiffs' said suit thereupon dismissed, as shown by the order of the court set forth in paragraph 4 above, to which judgment of the court sustaining said *general demurrer* [italics ours] and dismissing said petition the plaintiffs excepted and appealed said case to the Court of Appeals of Georgia, and by that court said judgment was sustained and affirmed as above set forth; *defendants show therefore there has been a final adjudication thereon* [italics ours]; wherefore defendants show that these plaintiffs, having elected to pursue their remedy ex delicto and in trover to a final determination, are now estopped from bringing this action ex contractu and seeking to recover the same sum of money as before sued for, and they, having elected an inconsistent remedy to recover said sum, are now estopped and barred from the recovery of the same money and upon the same cause of action in this suit.

"Wherefore these defendants pray that these their pleas in bar be set up and sustained, and for final judgment of the court that said cause of action be barred and dismissed, and of these their pleas in bar defendants put themselves upon the country."

The demurrer to the petition in the former suit in trover, and referred to as being attached as an exhibit to the foregoing special plea, filed by the defendants in the instant case, was in terms as follows: "Now come the defendants in the above-stated case, by their attorneys at law and at the appearance term of the court, and file this their demurrer to the petition filed in said case, and move to dismiss the same as insufficient in law upon the following grounds:

"1.    The petition generally sets up no cause of action.

"2.    They demur especially because there is no allegation that any particular property was delivered and converted, but charge generally $2,500 in lawful money.

"3.    Because petitioners do not describe said $2,500 with

sufficient particularity, whether same is in bills or currency, and, if in bills, of what denomination, and no description which would enable the officer to identify said money if a judgment should be obtained."

The plaintiffs demurred to the defendants' special plea in the present suit, on the ground that it failed to set up any valid ground of defense. The demurrer was overruled, exceptions to this ruling were taken, and the correctness of the ruling is the question which this court is called upon to determine. As to the ruling of this court upon the writ of error from the order dismissing the previous action in trover, see *Sparks* v. *Fort*, 27 *Ga. App.* 349 (108 S. E. 244).

*George Y. Harrell, L. C. & J. L. Hopkins,* for plaintiffs.

*Frank A. Hooper & Son,* for defendants.

JENKINS, P. J. (After stating the foregoing facts.) 1. In our opinion the plea in bar setting up the defense of res judicata is without merit, and should have been stricken on demurrer. " An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation." Civil Code (1910), § 4335. " If upon demurrer the court has decided upon the merits of the cause, the judgment may be pleaded in bar of another suit for the same cause." § 4338. A judgment dismissing a petition on special demurrer cannot, however, operate as res judicata. *Mutual Benefit Life Ins. Co.* v. *Driskal,* 148 *Ga.* 699 (98 S. E. 265). It is the general rule that, where a demurrer to a petition contains several grounds, some going to the merits and some special, and the court sustains the demurrer and dismisses the petition, there is no presumption that the ruling is based on the special grounds of the demurrer rather than the general, and the judgment will be treated as sustaining the entire demurrer upon all the grounds. *DeLoach* v. *Ga. Coast &c. R. Co.,* 144 *Ga.* 678 (87 S. E. 889). But, so far as the defense of res judicata as here raised is concerned, no matter whether this court could be able to say, as in *Driskal* v. *Mutual Benefit Life Ins. Co.,* 21 *Ga. App.* 777 (95 S. E. 268), that the record in the previous adjudication as interpreted by our former decision renders it manifest that the former petition was dismissed on the special demurrer pointing out that the description of the sum of money sought to be recovered was too vague and in-

definite to support a recovery, or whether we must apply the general rule so as to say that the ruling of the judge in the previous case also adjudicated the grounds of general demurrer then insisted on, to the effect that the petition failed to set forth a cause of action, especially in that it failed to show that " *any* particular property was delivered and converted," the result is the same, for under either construction such previous judgment did not and could not be held to have passed upon the merits of the cause with respect to the liability now sought to be established.

The purpose of a suit in trover is to ascertain title and restore possession of particular property unlawfully converted ( *Campbell* v. *Trunnell,* 67 *Ga.* 518 (3) ; *Berry* v. *Jackson,* 115 *Ga.* 196, 41 S. E. 698, 90 Am. St. R. 102 ; *Barfield Music House* v. *Harris,* 20 *Ga. App.* 42, 47, 92 S. E. 402), and the only legal effect of the previous ruling on the demurrer, however broadly it may be treated, was to adjudicate that the petition failed to set forth a cause of action in tort as sought to be declared on, to wit, a conversion by the defendants of particular property actually belonging to the plaintiffs. The judgment previously rendered on demurrer, therefore, determined nothing save the non-existence of the tort, as actually set forth or as could have been set forth by amendment to that petition. Since no amendment could have been properly added joining a claim ex contractu to that ex delicto, and especially since the case went off on demurrer and no question involving the ex contractu liability of the defendants was actually pleaded and determined, the former judgment on demurrer adjudicated nothing " as to any debt between the parties." *Livingston* v. *Marshall,* 82 *Ga.* 281 (5) (11 S. E. 542) ; *Halliday* v. *Bank of Stewart County,* 128 *Ga.* 639, 647 (58 S. E. 169) ; *Acree* v. *Bandy,* 22 *Ga. App.* 454 (96 S. E. 329). " Sound sense, as well as the adjudications of the courts, lay down the rule that. the rights of the parties must be actually considered and adjudicated before the former adjudication will bar the subsequent suit." *National Bank* v. *Southern Porcelain Co.,* 59 *Ga.* 157, 165 ; *Linder* v. *Rowland,* 122 *Ga.* 425 (2) (50 S. E. 124) ; *Steed* v. *Savage,* 115 *Ga.* 97 (41 S. E. 272) ; *Mitchell* v. *So. Bell Tel. Co.,* 150 *Ga.* 46 (102 S. E. 346) ; case note, 13 A. L. R. 104, 1107. The rule would be different if, as in *DeLoach* v. *Ga. Coast R. Co.,* supra, " the second action contained allegations designed to meet the defects in the

first action, . . all of which would have been proper to have been alleged by way of amendment in the first suit." See also, in this connection, *Dodson* v. *So. Ry. Co.,* 137 *Ga.* 583 (73 S. E. 834) ; *Greene* v. *Cen. of Ga. Ry. Co.,* 112 *Ga.* 859 (38 S. E. 360) ; *Satterfield* v. *Spier,* 114 *Ga.* 127 (3) (39 S. E. 930) ; *Hoffman* v. *Summerford,* 28 *Ga. App.* 247 (111 S. E. 68).

2.   " When a person has two or more conflicting and inconsistent remedies for the same wrong, his election and actual prosecution of the one to a favorable or an adverse decision is a bar to the others." *Stokes* v. *Wright,* 20 *Ga. App.* 325 (2) (93 S. E. 27). It would seem also that a choice of remedies may sometimes and under some circumstances be effected by the mere institution of the suit. *Board of Education* v. *Day,* 128 *Ga.* 156, 162 (57 S. E. 359), et seq. Thus, had the transaction as set forth by the plaintiffs in their former proceeding partaken of the nature both of a tort and of a breach of contract, such as would have authorized them to waive the contract and rely (as they sought to do) solely upon the tort, they could not thereafter be permitted to pursue the other and inconsistent remedy now invoked. But in order for there to be an election, there must exist the right and power to choose, and where there has been no choice there has been no election (*Rowland Co.* v. *Kell Co.,* 27 *Ga. App.* 107, 107 S. E. 602) ; for, " though the election of one of two inconsistent remedies may be treated as a waiver of any rights under the other, a person who prosecutes an action based upon a remedial right which he supposes he has but in fact does not possess is not thereby precluded from asserting his real rights in a subsequent action." *Puett* v. *Edwards,* 17 *Ga. App.* 645 (88 S. E. 36). If, as defendants by the express terms of their plea in estoppel insist was the case (but which plaintiffs in their brief seem to dispute), the former judgment on demurrer should be construed under the general rule, so as to mean that all the grounds of demurrer were sustained,— that is, not only the special demurrer to the effect that the money sued for was insufficiently described, but the general demurrer to the effect that the petition failed to " set up a cause of action," especially in failing to show " that any particular property was delivered and converted,"— then we have an actual adjudication, previously obtained by the defendants and now pleaded, and necessarily insisted upon as pleaded, to the effect that the plaintiffs were

not entitled to the remedy in trover, in that they did not seek the recovery of " any particular property " in suing for a " sum " of money alleged to have been turned over by plaintiffs to defendants to be by them " deposited," and which was in fact deposited in a designated bank. A ruling to this effect, according to defendants' own pleadings, has become the law of the case. But irrespective of the fact that the plea in estoppel expressly sets up such "a final determination" of the former proceeding by a judgment rendered on " general demurrer," as we construe the former petition, it would not matter how broad or narrow the scope of the former judgment on demurrer might be adjudged to be, since it appears from the petition in that case that the plaintiffs, under their own allegations (*Wolfe* v. *Ga. Ry. & El. Co.*, 6 *Ga. App.* 410, 412, 65 S. E. 62), were not in fact entitled to the remedy then sought, for the reason that no specific property was sued for, but in the language of the demurrer the petition sought merely to recover " generally $2,500 in lawful money."

   *Judgment reversed. Stephens and Bell, JJ., concur.*