14538.   GOLDSTEIN *v.* GEORGIA RAILWAY & POWER CO.

STEPHENS, J.   1.   By the special demurrer upon which the former suit between the parties was dismissed (there being no general demurrer) one paragraph of the former petition was attacked upon various grounds to the effect that the negligence alleged therein was not alleged with sufficient particularity, and that the paragraph contained conclusions of the pleader; and the order sustaining the special demurrer and dismissing the petition did not and could not, under the issues raised on the demurrer, adjudicate any question as to the plaintiff's right to recover, but only adjudicated the question as to the sufficiency of the allegations in the particular paragraph demurred to.

2. Such former adjudication, therefore, did not operate as res judicata as to the plaintiff's right to recover, and was not sufficient to support a plea in bar to a subsequent suit by the same plaintiff against the same defendant upon the same cause of action; and the judgment of the trial court sustaining the plea in bar, based upon such former adjudication as res judicata, was therefore error. *Mutual Benefit Life Ins. Co.* v. *Driskal,* 148 *Ga.* 699 (98 S. E. 265); *Westbrook* v. *Griffin,* 27 *Ga. App.* 290 (108 S. E. 123).

*Judgment reversed. Bell, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 27, 1924.

Action for damages; from Fulton superior court—Judge Ellis. March 8, 1923.

*Hewlett & Dennis,* for plaintiff.

*Colquitt & Conyers,* for defendant.