## KENNEDY v. AYERS.

1. Dismissal of a petition on special demurrer not extending to the existence of the alleged cause of action was not a bar to a later suit by the plaintiff on the same cause.

2. A parol agreement between the payee and the maker of purchase-money notes previously executed, on advancing the dates of maturity of some of them, that the notes so changed shall be eliminated from the accelerating clause in a deed executed by the maker as security for the payment of all the notes, so that failure to pay the changed notes at the stipulated advanced times for their maturity shall not be cause for accelerating the maturity of the other notes, is binding on the parties; and such failure will not authorize the payee thereupon to declare all the notes due, and to sue for collection of all, or to exercise a power of sale in the security deed.

3. It was error to refuse an injunction.

No. 6213. APRIL 12, 1928.

Petition for injunction. Before Judge Pomeroy. Fulton superior court. June 30, 1927.

On February 28, 1925, Mrs. H. Kennedy purchased from George Ayers described realty known as "No. 466 N. Jackson Street according to the present numbering of houses in the City of Atlanta." The property was conveyed subject to a "first loan of $4500 in favor of the Mortgage Bond and Trust Company," and to a "second loan" in favor of Mrs. Elizabeth Hall (represented by 31 monthly notes of $50 each dated October 7, 1924, payable monthly, beginning March 7, 1925). At the time of the trans-

action the purchaser paid $1802.29 cash, received a deed, and executed to the vendor a security deed to the land to secure one purchase-money note for $750, due on or before 5 years from February 28, 1925, and 28 notes for $50 each, the first of which was payable November 3, 1927, and one each successive month thereafter. The security deed contained a power of sale, and a clause by which on failure to pay any of the notes within the time specified the maturity of all might be accelerated. By subsequent agreement between the vendor and the vendee the "due dates" of the last two of the purchase-money notes were, advanced to May 3, 1925, and July 3, 1925, respectively, in consideration ·of which the vendor waived his right to insist upon the accelerating clause of either of said notes if it should not be paid at the said advanced "due dates," and would have no right based on such failure to pay, except to sue in the usual way on said, two notes. The vendee failed to pay the note the "due date" of which had been advanced to July 3, 1925; and the vendor therefore declared all of the said purchase-money notes due, and instituted suit thereon in the municipal court of Atlanta. After the· default and prior to the suit the vendee tendered the amount of the note that was due July 3, 1925, and the tender ·was refused. After the defendant filed her answer to the suit in the municipal court the plaintiff proceeded to exercise the power of sale contained in the security deed, for the collection of all the purchase-money notes. The defendant then instituted in the superior court an equitable suit to enjoin exercise of the power of sale in the security deed and prosecution of the suit in the municipal court, and for a decree declaring that all the notes made or assumed by the vendee that were due had been paid. The amount of the tender which had been refused by the vendor was paid into court by order of the judge. The judge having dismissed the petition on demurrer, the case was brought to the Supreme Court, and the judgment was affirmed. *Kennedy* v. *Ayers,* 164 *Ga.* 277 (138 S. E. '155). After the decision ·of the Supreme Court the vendee instituted another equitable action against the vendor, in which the petition alleged a case substantially as indicated above, praying for like relief. The petition did not set out the substance or a copy of the record in the former suit. The defendant did not file any demurrer or answer, or plead the judgment or the demurrer in

the former suit as an adjudication of the questions involved. At the hearing there was evidence tending to support the allegations of the petition. The defendant introduced in evidence, without objection, certified copies of the entire record in the former proceeding. The judge denied the prayer for injunction, and the plaintiff excepted.

*McElreath & Scott,* for plaintiff.

*Cecil R. Hall* and *G. Seals Aiken,* for defendant.

ATKINSON, J. 1. If a petition is dismissed on general demurrer which extends to the merits of the case by charging that the petition fails to allege a cause of action, the judgment of dismissal, unexcepted to, will be conclusive between the parties in a subsequent suit based on the same cause of action. Civil Code (1910), § 4338; *Dodson* v. *Southern Railway Co.,* 137 *Ga.* 583 (73 S. E. 834); *Fain* v. *Hughes,* 108 *Ga.* 537 (33 S. E. 1012); *Greene* v. *Central of Georgia Railway Co.,* 112 *Ga.* 859 (38 S. E. 360); *McDonald* v. *Georgia Southern & Florida Railway Co.,* 138 *Ga.* 15 (74 S. E. 691). But a dismissal of a suit on special demurrer addressed to the form of the petition, which does not extend to the merits of the alleged cause of action, is not a bar to such subsequent suit. *Mutual Benefit Life Insurance Co.* v. *Driskal,* 148 *Ga.* 699 (98 S. E. 265). See also *Dolvin* v. *American Harrow Co.,* 125 *Ga.* 699 (54 S. E. 706, 28 L. R. A. (N. S.) 785); *Buller* v. *Tifton, Thomasville & Gulf Railway Co.,* 121 *Ga.* 817 (49 S. E. 763). In a former suit between the parties to this case the defendant filed a demurrer to the petition, set forth in four separate paragraphs. The first and fourth paragraphs were not numbered. They were in effect general demurrers to the petition. The other paragraphs were respectively as follows: "2. Mistake is not alleged with sufficient particularity, in that said petition as amended does not show how mistake was made, *who made it,* and what brought it about. 3. There are no supporting allegations to a charge of fraud, it being merely a conclusion on the part of the pleader." On the hearing the judge passed an order sustaining "paragraphs two and three" of the demurrer, "with 20 days leave to amend," and overruled "the remaining paragraphs of said demurrer." Subsequently a different judge presiding entered an order dismissing the petition, on the ground that the plaintiff failed to amend his petition as allowed in the first order. That

dismissal of the petition was on special demurrer not extending to the existence of the alleged cause of action, and the judgment was not a bar to the plaintiff's subsequent suit against the defendant, relating to the same cause of action.

2. Where a grantee of land makes a series of purchase-money notes and executes to the grantor a deed to secure the notes, which contains a clause accelerating maturity of all the notes at the option of the payee if any of the notes are not paid within a stipulated time, and the parties subsequently change some of the notes by advancing the dates of their maturity, under a parol agreement that the notes so changed should be eliminated from the operation of the accelerating clause in the contract, so that failure to pay them at maturity should not be ground for accelerating maturity of the other notes, the parties will be bound by the subsequent agreement, and failure to pay the changed notes within the stipulated time will not authorize the payee to declare all the notes due and proceed by suit, or by exercise of a power of sale contained in the security deed, for their collection.

3. At the interlocutory hearing the original petition with all of its exhibits was by consent introduced as evidence. The defendant did not file any demurrer or answer, but introduced without objection the entire record in the former suit between the parties. Under the pleadings and the evidence it was erroneous to refuse the application for interlocutory injunction.

*Judgment reversed. All the Justices concur.*