## 21495. ROBINSON *v.* NATIONAL LIFE & ACCIDENT INSURANCE CO.

JENKINS, P. J. In the instant suit on a policy of life insurance, where the petition showed on its face that the payment of premiums had been discontinued more than six months prior to the death of the insured, and no copy of the policy was attached to the petition, and it was not alleged that the particular policy sued on contained a provision extending its benefits after a lapse on account of the nonpayment of premiums, and therefore it did not appear that the policy was of force at the time of the death of the insured, the court did not err in sustaining the demurrer of the defendant.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 21, 1931. REHEARING DENIED JANUARY 18, 1932.

*Ben C. Williford,* for plaintiff.
*Hendrix & Buchanan,* for defendant.

### ON MOTION FOR REHEARING

JENKINS, P. J. By a motion for rehearing the plaintiff in error contends that the court overlooked an averment in the petition to the effect that the policy of life insurance sued on contained a provision extending its benefits for one year after the payment of premiums had been discontinued, and that by reason of this averment it was sufficiently alleged, as against general demurrer, that the policy was in force at the time of the death of the insured. The petition alleged that the plaintiff had a son by the name of Ed Williams Walker, on whose life she carried a policy with the defendant company in the sum of $216, and that *this* policy contained a provision that "if said premiums were paid within one year's time of the death of said insured and not paid up to the date of said death, she would still be entitled to said insurance by reason of said paid-in premiums." It was further alleged, however, that on December 4, 1922, the agents of the defendant company advised her that it would be necessary to "revive" the policy she then had, for some reason which was unknown to the plaintiff, and that they then issued to her a new policy, No. A-4473261; that when the new policy was issued, the defendant's agents inserted the name of the insured as James "Roberson," instead of Ed William Walker, telling the plaintiff that as she had married a man named "Roberson," they would carry the policy on her minor child in that name. It was alleged that plaintiff paid the premiums *"on said new policy"*

until November 11, 1928, or thereabouts, and that on June 29, 1929, the "said insured" died. There was no allegation that the new policy contained any such provision as that in the old policy, extending its benefits for twelve months after the payment of premiums was discontinued. There is no allegation that any premiums were paid on the old policy after the date on which it was "revived," to wit, December 4, 1922, and the suit appears to be based entirely on the new policy, No. A-4473261.

While the failure of the plaintiff to attach a copy of the policy sued on to the petition might not render the suit subject to general demurrer (*Gonackey* v. *General Accident Fire & Life Assurance Corp.*, 6 *Ga. App.* 381, 65 S. E. 53), and the failure to attach a copy of the policy or to set forth its terms might be excused by reason of the averment that the policy had been delivered to the defendant company along with the proofs of death, still the failure either to attach the policy or set forth its terms, or to allege that it contained *some* provision which would continue it of force after the plaintiff had discontinued the payment of the premiums, did render the petition subject to general demurrer, since it appears from the allegations of the petition that the policy had lapsed, for nonpayment of premiums, more than six months prior to the death of the insured. It was accordingly held that the court did not err in dismissing the plaintiff's petition.                  *Rehearing denied.*