22844.   RICHARDSON *v.* EMPIRE TALC AND LUMBER COMPANY.

DECIDED SEPTEMBER 6, 1933.

*Mitchell & Mitchell,* for plaintiff.

*J. A. McFarland,* for defendant.

MACINTYRE, J.   The defendant filed a general demurrer to the plaintiff's petition, and also demurred on the ground that the right of action was barred by the statute of limitations and that no itemized account or bill of particulars was attached to the petition.

The judge of the trial court sustained the demurrer and dismissed the petition. The plaintiff excepted to this ruling and brought the case to this court. The plaintiff in his petition, having designated H. R. Richardson as plaintiff and the Empire Talc and Lumber Company as defendant, alleged that the plaintiff and the defendant entered into a written contract under seal, then alleged the terms of the contract, and further alleged that he had complied with his part of the contract; that the defendant owed him a balance due of a stated amount under and by virtue of the said contract; that a copy of the contract was attached to the petition and made a part thereof; and "that he is not suing the defendant company upon an open account, that he is standing squarely and solely upon the contract, a copy of which is attached to his petition, and that, upon the terms and conditions of that contract, he insists that the defendant is liable." This allegation does not necessarily make the suit one on contract. The allegations of the petition as a whole must be looked to to determine the character of the suit brought. Applying this test to the petition, we think the suit was one on the contract under seal, and not on an account as contended by the defendant in the trial court, and therefore was not barred by the statute of limitations (Civil Code of 1910, § 4362), which prescribes that all actions on accounts must be brought within four years after the right of action accrues. The copy of the contract, attached to the petition, stated that it was made and entered into by and between the Empire Talc and Lumber Co. (the defendant), party of the first part, and H. D. Richardson (the plaintiff), party of the second part, and it was signed "J. T. Dillard, Mgr., L. S., and H. D. Richardson, L. S." If the defendant in the trial court wished to make the point that it did not appear from the attached copy of the contract that J. T. Dillard was authorized to sign the same on behalf of the defendant, that point should have been raised by a special demurrer, so that the judge might have given the defendant an opportunity to amend and avoid a dismissal, if a proper amendment had been tendered. For instance, in copying the contract the scrivener might have inadvertently left out certain words which the court upon consideration might decide could be supplied, so that the contract attached to the petition would accurately correspond to the original. See, in this connection, *McClellan* v. *Rawling*, 16 *Ga. App.* 146 (2) (84 S. E. 616), where Broyles, C. J.,

speaking for the court, said: "In a suit, when the provisions of section 5541 of the Civil Code, as to attaching copies of contracts, obligations to pay, etc., to the petition are not complied with, the objections should be made in the form of a special demurrer to the petition itself." See also *Souders* v. *Carolina Portland Cement Co.*, 3 *Ga. App.* 99 (59 S. E. 467); *Gonackey* v. *General Accident &c. Insurance Co.*, 6 *Ga. App.* 381 (3) (65 S. E. 53); *Robinson* v. *National Life & Accident Insurance Co.*, 44 *Ga. App.* 527 (162 S. E. 311). The judge of the trial court erred in sustaining the de-demurrer.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*