37255. EDWARDS *v.* CARLTON.

DECIDED SEPTEMBER 22, 1958.

*Smith, Field, Doremus & Ringel, L. F. McDonald,* for plaintiff in error.

*McCurdy, Candler & Harris, W. Harvey Armistead, L. Jack Swertfeger,* contra.

CARLISLE, Judge. To a suit for damages filed in DeKalb Superior Court by John R. Edwards, Roy Carlton, the defendant named therein, filed a plea of res judicata. On the trial of the issue made by the plea which was submitted to the court by agreement, judgment was entered sustaining the plea and dismissing the plaintiff's petition. The exception here is to that judgment.

It appears from the record in this case that the plaintiff is a registered architect and the defendant is a speculative builder of residences. The petition in this case alleges that the defendant came into the possession of certain plans for split-level residences, the same being the plaintiff's drawings Nos. 721 and 801, and that without the plaintiff's knowledge or consent said plans were used by the defendant in the erection of two residences on Juanita Street in DeKalb County, Georgia. The plaintiff alleged that the houses cost approximately $20,000 each, and he sued for 8 percent of that cost, or $3,200, being the recommended minimum fee for architectural services on residential property, plus $9,600 in punitive damages. In the plea and from the evidence introduced, it appears that the plaintiff had previously filed suit in the Civil Court of DeKalb County against the defendant on an alleged open account and had attached thereto a statement for architectural service as per agreement of August 8, 1954, for the

use of plan No. 801 at Briarcliff and Emory Roads, $80 paid, and for the use of plan No. 801 at 880 Wellesley, Atlanta (Fulton County), and for the erection of four houses on Rosemont, Atlanta (DeKalb County), at $65 each, total amount due, $325.

" 'To make a matter res adjudicata, there must be a concurrence: 1st, of identity of the subject matter; 2d, of the cause of action; 3d, of persons and parties; 4th, in the quality of the person against whom the claim is made.' Freeman on Judgments, § 252." *Stevens* v. *Stembridge,* 104 *Ga.* 619, 622 (31 S. E. 413).

The subject matter and cause of action of the instant suit is the alleged use of the plaintiff's plans, numbered 721 and 801, in the construction by the defendant of two houses on Juanita Street in DeKalb County, Georgia. The subject matter of the former suit was the alleged use of plan number 801 in constructing houses on Wellesley and Rosemont. The house plans themselves are not the subject matter of the suit, but rather, the *use* of the plans is the subject matter and the cause of action sued on. The mere fact that the plaintiff knew of the use sued for in this case at the time he brought the other suit would not bar this action. We know of no rule of law which requires a plaintiff to join in one action all of the causes of action of the same nature but arising from separate transactions which he may have against the defendant, unless he chooses to do so. See *Jones* v. *Schacter,* 29 *Ga. App.* 132 (114 S. E. 59) ; 1 C. J. S. 1332, Actions, § 104-b.

There being no identity of subject matter or cause of action, the trial court erred in sustaining the plea of res judicata and in dismissing the petition.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*