## 39060. KEITH v. DARBY.

EBERHARDT, Judge. 1. If the trial court, in sustaining a demurrer or a motion to dismiss a petition, does not base its judgment on the merits of the case, the judgment will not be a bar to a subsequent proceeding for the same cause. *Code* §§ 110-503, 110-504; *National Bank of Augusta v. Southern Porcelain Mfg. Co.,* 59 Ga. 157, 165; *Stevens v. Stembridge,* 104 Ga. 619, 622 (31 SE 413); *Fain v. Hughes,* 108 Ga. 537 (33 SE 1012); *Papworth v. City of Fitzgerald,* 111 Ga. 54 (1) (36 SE 311); *Steed v. Savage,* 115 Ga. 97 (3) (41 SE 272); *Dolvin v. American Harrow Co.,* 125 Ga. 699, 703 (54 SE 706, 28 LRA (NS) 785); *Revels v. Kilgo,* 157 Ga. 39 (121 SE 209); *Shearer v. Stamey,* 26 Ga. App. 120 (105 SE 854); *Sparks & Hutson v. Fort,* 29 Ga. App. 531, 536 (116 SE 227);

*Goldstein v. Georgia Ry. &c. Co.,* 31 Ga. App. 688 (121 SE 846).

2. A petition wherein proper parties are named, jurisdictional requirements are shown, and alleging that the defendant "is indebted to petitioner in the sum of $440.64 on account, plus interest on said sum at the rate of 7 percent per annum from September, 1959 to date of judgment," that the amount is past due and unpaid, and praying for process, sets out a cause of action, and is good as against general demurrer. However, the defendant is entitled to a bill of particulars or an itemized statement of the account as provided in *Code* § 81-105, and unless such is attached the defect may be taken advantage of by *special* demurrer. *Driskal v. Mutual Benefit Life Ins. Co.,* 144 Ga. 534 (87 SE 668); *Mutual Benefit Life Ins. Co. v. Driskal,* 148 Ga. 699 (98 SE 265); *Gonackey v. General Accident &c. Assur. Corp.,* 6 Ga. App. 381, 384 (65 SE 53); *Hill v. Harris,* 11 Ga. App. 358 (1) (75 SE 518); *McClellan v. Rawling,* 16 Ga. App. 146 (84 SE 616); *Richardson v. Empire Talc &c. Co.,* 47 Ga. App. 434 (170 SE 559).

3. A demurrer or a motion which goes to the form rather than to the substance of the petition is a special rather than a general demurrer, no matter what nomenclature may be given it. *Willingham, Wright & Covington v. Glover,* 28 Ga. App. 394 (1a) (111 SE 206); Leverett, Hall & Christopher, Georgia Procedure and Practice, § 9-5, p. 208. Thus, the fact that the trial judge recites in his order sustaining such a motion to dismiss that it was a "motion in the nature of a general demurrer" will not have the effect of giving the motion the status or effect of a general demurrer, particularly when it is further recited in the order that it is sustained because of "the pleadings showing on their face that the amendment filed by plaintiff pursuant to a previous order by another judge (on demurrer), had attached thereto invoices in a name different from that of the defendant," the invoices having been to a fictitious or trade name. Even in the absence of such a recital, it is provided by *Code* § 3-608 that: "Parol evidence shall be admissible to show that a matter apparently covered by the judgment was really not passed upon by the court." But see, *Hadden v. Fuqua,* 194 Ga. 621 (b) (22 SE2d 377).

4. Thus, where the action was renewed by plaintiff against the same defendant, upon the same indebtedness, with invoices at-

tached to the petition billed to a trade name which is alleged to have been that of the defendant, the sustaining of the motion to dismiss the prior action will not operate as res judicata or a bar to the second action, for the sustaining of the motion went only to the form of the petition and did not adjudicate the subject matter, that is, the liability of the defendant for the alleged indebtedness. "[A] dismissal of a suit on special demurrer addressed to the form of the petition, which does not extend to the merits of the alleged cause of action, is not a bar to such subsequent suit." *Kennedy v. Ayers*, 166 Ga. 206, 208 (142 SE 859). Consequently, there was no error in the overruling of the plea of res judicata and proceeding to a trial and final judgment on the second suit.

*Judgment affirmed. Carlisle, P. J., and Nichols, J., concur.*

DECIDED SEPTEMBER 26, 1961—REHEARING DENIED
OCTOBER 13, 1961.

*Huie, Etheridge & Harland, Harry L. Cashin, Jr.,* for plaintiff in error.

*Wilkinson, Hunt & O'Brien, A. Mims Wilkinson, Jr.,* contra.

ON MOTION FOR REHEARING.

EBERHARDT, Judge. It is urged that *Williams v. Appliances, Inc.,* 91 Ga. App. 608 (86 SE2d 632) requires a different result. We do not think so. The question of res judicata was not before the court for decision in that case. But if it be viewed as a case in which the sustaining of the motion to dismiss might have been res judicata in a subsequent suit between the same parties and involving the same subject matter, it is because the petition and exhibit thereto revealed that plaintiff sought to recover from individuals for the indebtedness of a corporation—a clear case of non-liability. Here, in the previous action the plaintiff sought to recover from an individual for an indebtedness incurred in a fictitious or trade name, and the absence of liability did not appear from the petition and exhibit. Thus, in the *Williams* case the court could adjudicate the merits on a motion to dismiss or general demurrer, while here it could not.

*Motion for rehearing denied. Carlisle, P. J., and Nichols, J., concur.*