## DOUGHERTY *v.* DOUGHERTY.

1. A plea in abatement, to a petition for temporary alimony, which avers
   that an action identical with the one at bar had been voluntarily dis-
   missed by the plaintiff, and that the costs thereof had not been fully
   paid, is not subject to demurrer on the ground that a copy of the dis-
   missed action was not attached to the plea as an exhibit, if enough be
   contained in the averments of the plea to enable the court to determine
   as to the identity of the two actions.
2. Whether or not a dismissal of the plaintiff's case would have been
   proper upon the hearing of the plea in abatement above described, it was
   error for the court to pass an order, at that stage of the proceedings,
   refusing temporary alimony without going into the merits of the cause.

   Submitted March 3,—Decided July 28, 1906.

   Application for alimony. Before Judge Wright. Floyd supe-
rior court. January 30, 1906.
   *Henry Walker,* for plaintiff.
   *George A. H. Harris & Son,* for defendant.

   BECK, J.   Jennie H. Dougherty brought her action for divorce,
and for temporary and permanent alimony, against her husband,
Dabney H. Dougherty.   At the hearing of the application for tem-
porary alimony counsel for the defendant offered a plea in abate-

   3

ment, which alleged, in substance, that an action identical with this suit had been instituted by the plaintiff against the defendant, and dismissed without the costs being paid. This plea was supported by an affidavit of the defendant, who swore to the "best of his knowledge and belief" that the facts recited in the plea were true, and by the affidavit of the deputy clerk of the superior court, who swore positively and directly that the costs had not been fully paid. Counsel for plaintiff stated that he had not heard of the plea in abatement before it was offered, that it had not been filed, and upon an inspection thereof he demurred to it orally upon the grounds that the affidavit "did not verify the matters averred in the plea, did not comply with the statute in this respect, and . . did not commit the defendant to anything;" and for the further reason that "a certified copy of the dismissed action was not annexed to the plea." The oral demurrer was overruled, and, after argument of counsel, the court passed the following order: "It appearing to the court that a former suit, in which plaintiff and defendant were the same parties as in the present suit, and the cause of action being for temporary and permanent alimony and divorce in the former, and in this suit; and it appearing by plea in abatement that the former suit was voluntarily dismissed, and all the costs of same not having been paid, temporary alimony is hereby refused." To which decree the plaintiff excepted.

1. The court did not commit error in overruling the demurrer to the defendant's motion to dismiss, or plea in abatement. The affidavit of the defendant together with that of the clerk of the superior court sufficiently verified the matters alleged in the plea; and so far as the demurrer was based upon the defendant's failure to annex a copy of the "dismissed action" to his plea, it is without merit, for the reason that such a copy was not indispensable if in the plea itself enough of the dismissed action was set forth to enable the court to decide that the two actions were identical. And in the plea an attempt is made to comply with this requirement. If the plea was defective in this regard the deficiency should have been shown by appropriate special demurrer. So, had the court merely dismissed the plaintiff's case, in the light of this record we should not have disturbed its judgment.

2. But the final decree, though it might have been intended to be an order of dismissal, was merely a denial of temporary alimony.

No evidence had been introduced, nor was the judgment authorized by any portion of the record as it then stood, and the denial of alimony under the existing facts and circumstances was manifestly erroneous. Hence the case is returned, and the court below must itself decide as to the identity of the two actions, and whether or not the non-payment of costs in the former would authorize the latter to be dismissed.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*