## 10531.  BAZEMORE *v.* STEPHENSON.

Such a "wilful and malicious injury" as would constitute an exception to the liabilities discharged in bankruptcy under section 17a (2) of the bankruptcy act of July 1, 1898, is not shown by the evidence in this case as to the collision between the automobile driven by the defendant and the automobile in which the plaintiff was riding; and it was proper to direct a verdict sustaining the defendant's plea of discharge in bankruptcy.

DECIDED SEPTEMBER 18, 1919.

Action for damages; from city court of Atlanta—Judge Reid. March 22, 1919.

Stephenson and another were sued for damages on account of a collision between an automobile which he was driving and an automobile in which the plaintiff was riding. The petition as amended alleged that the acts complained of were done wrongfully and intentionally. Stephenson pleaded, among other things, that after the filing of this suit he filed a petition in voluntary bankruptcy, in which the plaintiff in this case was duly scheduled as a creditor, and that a discharge in bankruptcy was granted to

him as to the alleged liability to the plaintiff. At the trial the
court, on the conclusion of the evidence, directed a verdict in
favor of Stephenson, on the ground that his discharge in bank-
ruptcy was a discharge from all liability that might have arisen in
this case. The plaintiff, in his motion for a new trial, the refusal
of which is assigned as error, contended that the discharge in
bankruptcy was not a discharge from the liability charged in this
case, for the reason that section 17 of the bankruptcy act excludes
from the benefits of a discharge liabilities for "wilful and malicious
injuries to the person or property of another;" and that the evidence
in this case showed a wilful and malicious injury.

　*Mayson & Johnson,* for plaintiff.

　*Little, Powell, Smith & Goldstein,* for defendant.

　BROYLES, P. J. The sole question in this case is whether the
evidence authorized a finding by the jury that the defendant
*wilfully and intentionally* drove his automobile against the auto-
mobile in which the plaintiff was riding, so as to constitute such a
malicious tort as would come within subdivision sec. 17 a (2) of
the bankruptcy act of July 1, 1898 (30 Stat. 550, U. S. Comp. St.
§ 9601). The records fails to disclose any evidence which would
have authorized such a finding. The plaintiff himself testified
in effect that he did not know and could not say that the defend-
ant deliberately or intentionally did so. The court, therefore, did
not err in directing a verdict for the defendant. See, in this
connection, Collier on Bankruptcy (11th ed.), 402, 441; Tinker *v.*
Coldwell, 193 U. S. 473, 481 (24 Sup. Ct. 505, 48 L. ed. 758); 11
Am. B. R. 568).

　*Judgment affirmed. Bloodworth, J., concurs. Stephens, J.,
dissents.*

　STEPHENS, J., dissenting. If there is any evidence to authorize
the inference that the defendant wilfully and intentionally drove
his automobile into the automobile in which the plaintiff was rid-
ing, there would then be an issue of fact for determination by the
jury, and the direction of a verdict by the trial judge was error.
There is evidence in this case that the two automobiles were ap-
proaching each other along a public road; that the defendant held
his course and failed to turn out, although there was ample room
in the road for him to do so and a suitable road-bed to his right for
his car to pass over; that the defendant was driving the larger car,

and that the defendant, after the collision, continued on without stopping. Without reference to the rest of the evidence, this it would seem is sufficient to authorize the inference that the defendant was acting wilfully and intentionally. "Assault and battery may be committed by striking another with an automobile intentionally, or by driving the machine so recklessly as to justify a jury in finding that there was a reckless disregard of human life and safety. *Dennard* v. *State,* 14 *Ga. App.* 485 (81 S. E. 378). And see *Gallery* v. *State,* 92 *Ga.* 464 (2) (17 S. E. 863); *Collier* v. *State,* 39 *Ga.* 31, 34 [99 Am. D. 449]. The same is true where, under like circumstances, the automobile is driven against another vehicle in which persons are riding, whereby the collision occasions bruises, blows, and similar physical injuries to persons in the vehicle so struck." *Tift* v. *State,* 17 *Ga. App.* 663 (88 S. E. 41), and authorities there cited. In the *Dennard* case, supra, it was said: "A reckless disregard of human life may be the equivalent of a specific intent to kill; and whether it existed . . was a question for the jury."

That the plaintiff in this case was unable to say that the defendant deliberately and intentionally drove into him does not eliminate the issue as raised by the other testimony in the case.