12861.   CITY OF ELBERTON *v.* AULD.

</div>

Where one waives a tort and sues on contract, he will be held to have waived the entire tort, and he cannot recover a part of his damages in a suit on contract, and subsequently maintain an action in tort for the remainder.

<div align="center">

DECIDED JANUARY 17, 1922.

</div>

Action for damages; from Elbert superior court — Judge W. L. Hodges. August 12, 1921.

On March 24, 1920, W. N. Auld filed suit for damages against the City of Elberton, alleging, in substance, that he was the owner of a described tract of land which had been fenced, sodded, and made suitable for a pasture; that in June, 1916, the defendant, without legal authority and without his consent, cut a ditch across his land and laid sewer-pipes therein by means of which sewage from the city was emptied into a branch flowing through his land,

thereby polluting the waters of the branch and rendering the land unfit for a pasture. He sued for damages for the unlawful use of his land and the pollution of the water from June 1st, 1917, to the date of the filing of the suit, and also for punitive damages. At the appearance term the defendant filed an answer denying all liability, and at the trial term offered an amendment to its original answer, in which amendment it set up that the plaintiff, by a former suit and recovery, had elected to pursue one of two conflicting and inconsistent remedies, and thereby had waived and lost his right, if any he ever had, to maintain this action for damages. The plaintiff objected to the allowance of this amendment, upon the sole ground that the matter therein pleaded did not constitute a legal defense to the suit. The court sustained the objection and disallowed the amendment, and to this ruling the defendant excepted pendente lite. The case proceeded to trial and the jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled, and it excepted.

W. A. *Nall, Tutt & Brown,* for plaintiff in error.

*George C. Grogan, Howard B. Payne,* contra.

Broyles, C. J. (After stating the foregoing facts.) The vital question for determination by this court is whether or not the trial court erred in disallowing the proffered amendment to the defendant's answer? This amendment set up that the plaintiff, on August 18, 1917 (the time he filed his first suit), had two coexisting conflicting and inconsistent remedies against the defendant, to wit, a suit on contract, for the use and occupancy of his land, or an action ex delicto for trespass thereon, and that the plaintiff elected to sue for the use and occupation of his property and obtained a verdict and judgment therein against the defendant, thereby recovering rental for the use of his land for a period from June 1st, 1909, to June 1st, 1917, and that by so doing he waived any right·of thereafter bringing an action ex delicto to recover for damage to his land arising from the same transaction.

We think the court erred in sustaining the plaintiff's objection to this amendment and in disallowing it on the sole ground that the facts set forth therein did not constitute a legal defense to the present suit. On August 18, 1917, the date when, as alleged in the rejected amendment, the former suit for use and occupation was filed, the tort, which is the basis of the instant case, had been known to

the plaintiff for approximately twelve months, and thus he was put to an election, to sue upon the contract or upon the tort; and it is the settled law of this State, as well as that of many other States, that where a suitor has two or more coexisting inconsistent remedies, by electing to pursue one he waives the right to pursue any of the others. "When a person has two or more conflicting and inconsistent remedies for the same wrong, his election and actual prosecution of the one to a favorable or an adverse decision is a bar to the others. In the case of conflicting and inconsistent remedies, the remedies are not concurrent, and where a choice between them is once made, with knowledge of all the facts, the right to follow the other is forever gone." *Stokes* v. *Wright,* 20 *Ga. App.* 325 (2, 3) (93 S. E. 27). See also *Rowe* v. *Weichselbaum Co., 3 Ga. App.* 504 (60 S. E. 275) ; *Kennedy* v. *Manry, 6 Ga. App.* 816 (66 S. E. 29) ; *Brunswick Co.* v. *Dart,* 93 *Ga.* 747 (2), 749 (20 S. E. 631) ; *Padgett* v. *Ford,* 117 *Ga.* 508, 510 (43 S. E. 1002) ; *Bacon* v. *Moody,* 117 *Ga.* 207, 210 (43 S. E. 482) ; *Board of Education* v. *Day,* 128 *Ga.* 156 (57 S. E. 359). The rule is stated in 1 Corpus Juris, 1039, § 169, as follows: "Where one waives a tort and sues in contract, he makes a binding election of remedies which cannot be reconsidered, even where no injury has been done by the choice or would result from setting it aside, and he cannot thereafter treat the action brought as if it were a tort action, or bring an action of tort in regard to the same cause of action. . . Where one waives a tort and sues in contract he necessarily waives the entire tort, and cannot recover part of his damages in contract and afterward maintain an action in tort for the balance." In Roberts *v.* Moss, 127 Ky. 657 (106 S. W. 297, 17 L. R. A. (N. S.) 280), the facts of which case are more nearly like those of the instant case than those of any other that we have been able to find, it is held that, where a trespasser of land cuts and carries away trees, and the owner of the land waives the tort and sues for the value of the trees, he cannot thereafter maintain an action in tort for trespass upon and injury to the land, all of such injuries being parts of the same trespass. Therefore, the election of the plaintiff in the instant case, with full knowledge of the tort committed by the defendant, to pursue an action ex contractu to a verdict and judgment in his favor, was an irrevocable bar to any subsequent action in tort for damages growing out of the same tort.

Counsel for the defendant in error contend in their brief that under the facts of this case the prosecution by the plaintiff of his first suit (on contract) to a verdict and judgment in his favor did not estop him from bringing the present action in tort, especially since continuing trespasses can be sued for every four years. We cannot agree with this contention. As was said by Judge George in *Stokes* v. *Wright,* supra, " It is settled law that one may pursue any number of concurrent and consistent remedies, but, as between conflicting and inconsistent remedies, he must elect. He will not be permitted, after the choice of one of several inconsistent and conflicting remedies, which he might originally have pursued at his option, to change his position and take a course wholly inconsistent with the remedy which he first selected. When he elected to sue in tort and actually commenced his action for the tort, and prosecuted it to an adverse decision, his right to sue on the contract was lost. Under the decision of the Supreme Court in *Board of Education* v. *Day,* 128 *Ga.* 167 (57 S. E. 359), the election to sue in tort, evidenced by the commencement of his suit, would seem to bar his right to proceed subsequently on the contract. Certainly the prosecution of the action for the tort to final decision by a court of competent jurisdiction will bar his right thereafter to declare upon the contract. It is of no avail that the statute of limitations had already barred the action in tort at the time of the filing of the plaintiff's first suit. His election to sue in tort relates back to the original wrong, and to his rights as they then existed."

It is also contended in the brief of counsel that the " city in offering its amendment should have attached a copy of the suit so as to show the court the facts, and should have made the required oath for amendments at the trial term." The plaintiff did not object to the amendment upon the ground that no copy was attached thereto as an exhibit; and moreover, the averments in the amendment, all of which must be taken as true, in the absence of a demurrer, alleges facts sufficiently certain and definite to apprise the court and the plaintiff of the nature of the defense therein pleaded, and it was unnecessary to attach a copy of the former suit. See, in this connection, *Dougherty* v. *Dougherty,* 126 *Ga.* 33 (1) (54 S. E. 811).

There is likewise no merit in the contention that the amendment was not verified as required by section 5640 of the Civil Code (1910), since the record shows affirmatively that the amendment was

objected to and rejected solely upon the ground that "the matter therein pleaded was insufficient in law and did not set up any legal defense." See *O'Kelly* v. *Welch*, 18 *Ga. App.* 157 (1 a ) (89 S. E. 76), and cases cited.

From what has been said it follows that the court erred in rejecting the proffered amendment to the defendant's answer, and this error rendered the further proceedings in the case nugatory, and a new trial becomes necessary.

*Judgment reversed.   Luke and Bloodworth, JJ., concur.*