29533. BRINSON *et al. v.* YOUMANS, sheriff, for use, etc.

DECIDED NOVEMBER 20, 1942.

*Alfred Herrington Jr.,* for plaintiffs in error.
*Williams & Smith,* contra.

MacIntyre, J.   The petition was filed on October 8, 1941, the injunction was dated October 3, 1941, the demurrer alleged that the temporary injunction was dissolved October 6, 1941 (see discussion hereinafter in the opinion of the question of speaking demurrer as it relates to this allegation), the defendants' answer was filed December 8, 1941, and the demurrer was filed December 15, 1941.   It will be noted that the plea or answer does not specifically state that the temporary restraining order was in force at the time of the filing of the plea.   "As a rule pleas or answers in abatement can be used only to present matter which defeats or suspends the present suit, and must be so used, if at all." 1 C. J. 28, § 9. "Pleas in abatement, being dilatory pleas, are not favored either at common law, or under the Codes and practice acts." 1 C. J. 28, § 7.   The plea or answer here filed might be denominated a plea or answer of suspension, but is included in the general term, "plea in abatement." 1 C. J. 13, § 16.   It seeks to suspend the present suit upon the allegation that the temporary injunction "has never been heard."   "Pleas or answers in abatement must allege with the greatest certainty in every particular every fact necessary to their sufficiency.   No presumptions of law or fact are allowed in their favor, but on the contrary every intendment must be taken against them." 1 C. J. 28, § 7 (18).   Thus, in the instant case, although the judge had passed a temporary restraining order as set out in the plea or answer, he might, after further considering the matter with or without what the plaintiff denominates a hearing, while the matter was still in the breast of the court, in his sound legal discretion, have decided to dissolve the temporary injunction before the plea or answer was filed, and might have so done.   He might have done so on his own motion.   Thus, we think because of the vague and ambiguous allegation that the matter of suspension "has never been heard," when such a plea or answer was attacked by the demurrer of the plaintiff which, in effect, called upon the defendants to allege specifically whether the temporary injunction was of force (or had been dissolved in the instant case) at the time of the filing of the plea or answer, and because the defendants failed to meet this demurrer, the court was authorized to strike this pleading under the rule which is well stated in 1 C. J. 32, § 15, as follows: "A cause for abatement may exist at an early stage of an action, and cease to exist at a later

stage. As a rule when the cause no longer exists, *the action can not be abated on the ground that it once existed. Matter in abatement of plaintiff's action must exist at the time of filing the plea.*" (Italics ours.) Particularly is this rule applicable to the facts of this case where the cause for abatement or suspension is a temporary restraining order the general intent and purpose of which is not that it will be permanent in character, but remain only temporarily in force. The fact that while the demurrer in effect alleged that the plea failed to allege "plainly, fully, and distinctly" (Code, § 81-305) that at the time of its filing the matter in abatement did not exist (*Dougherty* v. *Dougherty,* 126 *Ga.* 33, 34, 54 S. E. 811), yet the fact that it went further and stated that the injunction was dissolved on a named date before the filing of the plea (when the plea itself does not so state) would not convert the whole demurrer into a speaking demurrer; for if it be said that it was unnecessary to go this far in the allegations of the demurrer, this would be an allegation without which the pleading would yet be sufficient (surplusage) and such "surplusage does not harm" or prejudice in the instant case. Bl. Law Dict., 3d ed. 1687. Construing the answer of the defendants most strongly against the pleaders, we do not think that the mere allegation "that said injunction has never been heard," is the equivalent of saying that the temporary injunction had never been dissolved, or that there was any injunction pending which would have restrained the trial of the case. Thus, having properly stricken all of the pleading of the defendants in the case, the judge did not err in entering the judgment recited above.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*