30817.   COULTER *v.* ROBERTS.

DECIDED JUNE 21, 1945.

R. A. *Gilbert*, John W. *Bolton*, for plaintiff in error.

MacIntyre, J. "Where one with actual knowledge or notice of the substantial facts is in a situation in which he may elect between two inconsistent positions or proceedings, the choice of his position or proceeding must be made before bringing suit. He can not bring either action without selecting and determining to accept and occupy a position consistent with that action or position and inconsistent with the other. The choice of one of such alternate positions or proceedings operates at once as a final and absolute bar to the other." *Land* v. *Hall*, 46 *Ga. App.* 404 (167 S. E. 711). Although the same actual transaction between the parties in the instant case is stated both in the trover suit and in the suit on the implied contract (money had and received), the form and manner of the statement is entirely and plainly different —one form and manner of stating the actual transaction authorized a remedy of trover, while another form and manner of stating the same actual transaction authorized a remedy for money had and received. In other words, the liability could be regarded in a double aspect; namely, as springing directly from the tort committed by the defendant, or, as arising from the implied promise to make compensation, which the law implied and imputed to her. Thus, as here, where in the first proceeding the plaintiff contended that he gave the defendant $225 to purchase furniture for him, and that she did so purchase it, but refused to deliver it to him, trover was a proper remedy for this aspect of the case; and where, in the second suit, the plaintiff contended that he gave the defendant the money to purchase the furniture for him, but that she did not do so, and that she refused to return or repay the money so furnished, a suit on an implied contract for money had and received would have been a proper suit in the first instance. Thus here the plaintiff had two conflicting and inconsistent remedies for the same wrong, or for enforcing the same liability, i. e., one for a tort and the other on a contract. He elected to sue on the tort in a trover action, which was a remedy he in fact possessed, and he actually prosecuted it to an adverse decision. Therefore the prosecution of the tort remedy to an adverse decision is a bar to prose-

cution of the contract remedy of assumpsit for the enforcement of the same actual liability. Pomeroy, Code Remedies (3d. ed.), §§ 567, 568, 573; *City of Elberton* v. *Auld,* 28 *Ga. App.* 60 (110 S. E. 424).

The first decision relied on by the appellate division of the civil court of Fulton County (*Sparks* v. *Fort,* 29 *Ga. App.* 531, 116 S. E. 227), held in effect that the action denominated a trover suit by the plaintiff sought to recover a definite amount of money generally, but that the plaintiff did not allege in said action that the money was either in certain bills or coins or that the plaintiff had title to the identical or specific money described in the petition; that the remedy in such a case would be an action for debt, and that an obligation to pay money can not be enforced by an action of trover; that the suit was wholly insufficient, either as a suit for the conversion of the specific chattel or as a suit for damages for a conversion of the specific property; and that the plaintiff in his action in trover was not in fact entitled to the remedy he sought. Hence he was prosecuting an action based on a remedial right, which he supposed he had, but in fact did not possess, and for this reason he was not prevented from asserting his real right in a subsequent action. See in this connection, *Cooke* v. *Bryant,* 103 *Ga.* 727, 730 (30 S. E. 435); *McElhannon* v. *Farmers Alliance Co.,* 95 *Ga.* 670, 671 (22 S. E. 686).

The decision in the second case relied on by the appellate division (*Hawthorne* v. *Pope,* 51 *Ga. App.* 498, 180 S. E. 920), is based on the act that the plaintiff elected to bring an action for money had and received in the city court of Carrollton, which court was without jurisdiction to entertain such a suit, and it was there decided that, "If the plaintiff had no remedy in the city court, then she could not elect. The election of remedies presupposes more than one inconsistent remedy and an election between them. *Sparks* v. *Fort,* 29 *Ga. App.* 531, 537 (116 S. E. 227); *Rowland Co.* v. *Kell,* 27 *Ga. App.* 107 (107 S. E. 602). If the city court of Carrollton was without jurisdiction, the action in that court could never amount to such an election as would bar the plaintiff from bringing a suit in a court having jurisdiction. The suit for money had and received in that court (if the same would be properly termed as such) was no remedy at all, and, of course, could not be a choice of inconsistent remedies." The cases cited in the opin-

ion and judgment of the appellate division of the civil court of Fulton County are clearly distinguishable by their particular facts from the instant case, and that court erred in reversing the judgment of the trial court.

Judgment reversed. *Broyles, C. J., and Gardner, J., concur.*