## 31134. PRATER *v.* KING.

DECIDED JANUARY 31, 1946.

*Joe Hill Smith,* for plaintiff.

*W. J. Laney, James H. Dodgen,* for defendant.

SUTTON, P. J. W. L. Prater sued H. M. King for damages to his automobile caused by the automobile of King, and recovered a judgment for the amount sued for. Subsequently King filed a petition in bankruptcy, listed said judgment in his schedule of debts dischargeable in bankruptcy, and later received his discharge in bankruptcy. Thereafter, the plaintiff garnished the wages of the defendant with the Southern Railway Company, and the defendant made an application for a permanent stay of the garnishment proceedings on the ground that the discharge in bankruptcy released him from liability under the judgment on which the garnishment was based. A judge of the civil court of Fulton County, where the garnishment proceeding was pending, granted the stay, and the plaintiff excepted.

The question for determination is whether or not the discharge in bankruptcy released the defendant from liability under the judgment against him for damage to the plaintiff's automobile, or in other words, whether the judgment was a debt dischargeable in bankruptcy.

Section 17 (2) of the bankruptcy act (11 U. S. C. A. § 35), provides, in part: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (first) are due as a tax levied by the United States, the State, county, district, or municipality in which he resides; (second) are liabilities for obtaining property by false pretenses or false representations,

or for wilful and malicious injuries to the person or property of another." If the injury to the plaintiff's automobile by that of the defendant was wilful and malicious, then the judgment was not dischargeable in bankruptcy; but if the damage to the automobile for which the judgment was rendered was caused by the negligence of the defendant in the unlawful operation of his automobile, without intending to injure the plaintiff's car, then the judgment is dischargeable in bankruptcy.

The only evidence introduced upon the trial of the application to stay the judgment was the petition of the plaintiff in the suit for damages to his automobile, and therefore it is necessary to look to the allegations of this petition in order to determine the question here presented. The petition alleged substantially, so far as material to the question now under consideration, that the plaintiff had parked his automobile on the right-hand side of Marietta Street, headed towards Five Points, about half way between Foundry and Nelson Streets in the City of Atlanta; that D. W. Beasley, a minor, driving the automobile of the defendant King, came around on the left-hand side of a streetcar headed towards Five Points at a terrific speed of not less than fifty miles per hour, and after he crossed over Foundry Street he seemed to lose control of the automobile and turned his car directly into the rear of the plaintiff's car, striking it at such a high rate of speed that he knocked it up on the sidewalk and damaged it as alleged; that D. W. Beasley was driving the defendant's car for him at the time of the accident, as his agent and at his request, and the defendant was in the car with him at the time; that the plaintiff saw the accident happen, and he went immediately to the scene and found that both King and Beasley were intoxicated and neither one of them was in a fit condition to operate or to direct the operation of the automobile. The petition alleged that the defendant's negligence was wanton and wilful and malicious: (1) in getting a minor to operate his car while he and the minor were both heavily intoxicated; (2) in having the minor to operate his car without any driver's license; (3) in operating his car at such a terrific rate of speed through his agent and driver, acting under his instructions, that it would have been impossible to keep the car under control at the speed of at least fifty miles per hour; (4) he was negligent in passing the streetcar on the left side so

as to put them on the wrong side of Marietta Street; (5) they were negligent in cutting the car too quickly to the right, so that it would have been impossible to bring the car under control before it struck the plaintiff's car.

The allegations of the petition fail to show that his automobile was damaged wilfully and maliciously by the defendant, so as to bring the judgment in that case within the provisions of section 17 (2) of the bankruptcy act (11 U. S. C. A. § 35), which provides that certain debts are not affected by a discharge in bankruptcy, among which is "wilful and malicious injuries to the person or property of another." But, on the contrary, the facts alleged in the petition show that the plaintiff's automobile was damaged by certain acts of negligence chargeable to the defendant in the negligent and unlawful operation of his automobile, without any intention on the part of the defendant or his driver to injure the plaintiff's automobile. In dealing with this provision of the bankruptcy act, it was said by the United States Supreme Court in Tinker v. Colwell, 193 U. S. 473, 489 (24 Sup. Ct. 505, 48 L. ed. 754): "It is not necessary in the construction we give to the language of the exception in the statute to hold that every wilful act which is wrong implies malice. One who negligently drives through a crowded thoroughfare and negligently runs over an individual would not, as we suppose, be within the exception. True he drives negligently, and that is a wrongful act, but he does not intentionally drive over the individual. If he intentionally did drive over him, it would certainly be malicious;" and In Re Phillips, 298 Fed. 135, 138, the court said: "We are inclined to the opinion that, under the federal authorities, 'wilful and malicious injuries' mean something more than injuries which chanced to happen by reason of an intentional unlawful act. These words signify to us the intentional doing of an act which must and does result in injury to the plaintiff, or that class of torts in which malice and injury are always implied by law. . . This is not so in every case of violation of traffic laws, no matter how reckless they may be. There is no presumption of 'wilful' injury, because even nominal injury does not necessarily result to the plaintiff creditor, or to any individual, as a result of the illegal act. The act is wilful; the result is accidental and negligent, but not wilful." In Re Wilson, 269 Fed. 845 (2), it was said: "A

judgment for personal injuries caused by illegally driving an automobile while intoxicated is not one for wilful and malicious injury to the person, since it does not involve the intent to cause the injury, so that such judgment is barred by a discharge in bankruptcy." See In re Vena, 46 Fed. (2d), 81, 82 (4). "But there is a wide difference between the meaning of 'deliberate negligence' and 'wilful and malicious injury to the person or property.' A person may be deliberately negligent in trying to pass a bus, as alleged of bankrupt in the state suit; but that does not necessarily mean that he deliberately intended to injure another person or property. Ely v. O'Dell, 146 Wash. 667 (264 Pac. 715, 57 A. L. R. 151, 11 A. B. R. (N. S.) 474); In re Kubiniec (D. C. W. D. N. Y.) 2 Fed. Supp. 632, 21 A. B. R. (N. S.) 624; Rogers v. Doody, 119 Conn. 532 (178 Atl. 51, 28 A. B. R. (N. S.) 689). Judgments for injuries to person or property caused by the negligence of bankrupt, however great his negligence may have been, and whether he was in an intoxicated condition or not, are dischargeable in bankruptcy, unless his acts amounted to wilful and malicious injury to person or property." In re Tillery, 16 Fed. Supp. 877. Also see *Bazemore* v. *Stephenson, 24 Ga. App.* 180 (100 S. E. 234).

Under the facts of the present case and the law applicable thereto, the judgment was dischargeable in bankruptcy and the trial judge did not err in granting the stay of the garnishment proceedings.

*Judgment affirmed. Felton and Parker, JJ., concur.*