### 38369. STEIN STEEL & SUPPLY COMPANY v. WILKINS.

FRANKUM, Judge. The plaintiff obtained a judgment against the defendant in the Civil and Criminal Court of DeKalb County on December 31, 1957, in case No. 52180 in that court. A stay of execution was granted because the defendant had been adjudged a bankrupt. In another suit on an account where the plaintiff was seeking a judgment in the amount of $1,248.30, being case No. 60203 in the Civil and Criminal Court of DeKalb County, an order staying the proceeding was granted for the reason of the defendant having been adjudged a bankrupt. The plaintiff initiated this tort action to recover $4,935.59 from the defendant. The plaintiff's petition contains the following allegations: "3. That the plaintiff . . . is a materialman engaged in the business of furnishing materials for the improvement of real estate and did furnish materials to the defendant . . . a plumbing contractor, in the sum of $4,935.59 . . . 4. That the plumbing materials shown on the invoices attached hereto . . . were used by the defendant . . . in improving the real estate as indicated on each of said invoices. 5. That the defendant . . . has been paid for the said plumbing materials used in improving the real estate as indicated on said invoices, and that said payments were made to the defendant for the purpose of paying the plaintiff for said materials. . . . 8. That the defendant used the money paid to him for the improvement of said real estate for purposes other than to pay for materials furnished on said jobs by the plaintiff with the intent to defraud plaintiff and in violation of Title 26, Section 2812 of the Code of Georgia of 1933, as amended, and that said acts on the part of the defendant amount to a conversion by defendant of funds that

should have been paid by defendant to plaintiff." The defendant filed an answer and demurrers, and also filed a plea of discharge in bankruptcy and a plea of res judicata. On a hearing the parties entered into a stipulation showing the amount sued for in the instant case involved the same invoices and indebtedness encompassed in cases No. 52180 and No. 60203 in the Civil and Criminal Court of DeKalb County. It was further stipulated that both of the former suits were ex contractu actions on an account.

All issues in the instant case can be determined by the ruling upon res judicata. The pertinent question is whether there is an identity of the cause of action in each of the former suits and the present one. See Georgia Procedure & Practice, § 30-4. The stipulation shows the instant case is based on the same indebtedness involved in the former suits. The one now asserted is in tort, while the former suits were ex contractu. The plaintiff's contention is that because the proceedings in the contract actions have been stayed (see *Hartsfield Co. v. Newlin,* 49 Ga. App. 546, 176 S. E. 516), it can now proceed by an action ex delicto. However, the plaintiff elected to proceed on a contract and cannot now proceed in tort for the same indebtedness. *Johnson v. Epting,* 185 Ga. 667 (196 S. E. 413); *Coulter v. Roberts,* 72 Ga. App. 586 (34 S. E. 2d 646); *Curry v. Washington Nat. Ins. Co.,* 56 Ga. App. 809 (194 S. E. 825); *City of Elberton v. Auld,* 28 Ga. App. 60 (110 S. E. 424). Once the plaintiff filed the action the election was made. *Board of Ed. of Glynn County v. Day,* 128 Ga. 156 (6) (57 S. E. 359); *Hawthorne v. Pope,* 51 Ga. App. 498 (180 S. E. 920). The mode of the procedure, i.e., whether it be in tort or contract, in the instant case, does not alter the effect of the stays in the former proceedings as conclusive judgments. The actions contained the same subject matter.

Our statutory authority for res judicata may be found in *Code* § 3-607, which, in part, is as follows: "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement." It is to be noted that the Code section contemplates both suits reduced to judgment and those that are pending. However, the various possible distinctions between the two

need not be determined in this case. A stay because of the adjudication of a party as a bankrupt, which is neither appealed and reversed nor set aside, has the effect of a judgment barring further proceedings by the plaintiff in the case. See *Prater v. King,* 73 Ga. App. 393 (37 S. E. 2d 155). A stay operates as a bar to further suits for the same indebtedness between the same parties. An order granting a stay amounts to a judgment. Consequently, it affirmatively appears from the record of this case that the rights of the parties arising out of the same transactions have been previously adjudicated by a court of competent jurisdiction. The trial court did not err in sustaining the plea of res judicata.

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 14, 1960.

*Joseph J. Fine, D. W. Rolader,* for plaintiff in error. *Herman C. McCall,* contra.