## 58651. PAUL v. MOSS.

McMURRAY, Presiding Judge.

Anna Winn Paul sued Edd Winston Moss seeking recovery of property damages allegedly occurring when the defendant negligently drove a motor vehicle into a building belonging to the plaintiff. She sought the sum of $6,525 plus interest and court costs, contending the estimated cost of repair was $6,300 and she had suffered loss of rental earnings in the amount of $225. The defendant answered under the name of Edward W. Moss, denying the claim and admitting only jurisdiction. He then filed for bankruptcy setting forth the alleged claim of Anna Winn Paul as one for property damage which was unliquidated and disputed. He was thereafter discharged a bankrupt and was "released from all dischargeable debts."

Whereupon the defendant filed a motion for summary judgment setting forth proof of his discharge in bankruptcy, the fact that he had listed plaintiff's claim against him, and neither the plaintiff nor any representative of the plaintiff was present at the first meeting of creditors and that he was thereafter discharged, there being no proof of claim or appearance filed by the plaintiff in the bankruptcy action. The plaintiff filed in opposition to the motion for summary judgment proof that the defendant was intoxicated at the date and time when he allegedly, in driving an automobile, collided with plaintiff's property.

After a hearing, the trial court in reviewing the pleadings and briefs and other pertinent parts of the record, found as a matter of fact that the defendant was discharged in bankruptcy, and plaintiff was listed and notified of being an unsecured creditor. Construing the pleadings and evidence most strongly in favor of the

plaintiff in that plaintiff "alleges Defendant was intoxicated at the time of the tortious act," the court held that intoxication alone, without evidence of wilful and malicious acts would not be sufficient to take this claim out of the discharge in bankruptcy, and that a pending suit as well as claims and judgments may be released by a discharge in bankruptcy, citing *Prater v. King,* 73 Ga. App. 393 (37 SE2d 155) and 11 USCA § 29. The motion was granted, and plaintiff's complaint against the defendant was ordered dismissed. The plaintiff appeals. *Held:*

"Judgments for injuries to person or property caused by the negligence of [a] bankrupt, however great his negligence may have been, and whether he was in an intoxicated condition or not, are dischargeable in bankruptcy, unless his acts amounted to wilful and malicious injury to person or property." *Prater v. King,* 73 Ga. App. 393, 396, supra. At the time of the hearing of the motion for summary judgment the action for damages was based on defendant's alleged negligence in driving a motor vehicle into a building which proximately caused the damage. Thereafter plaintiff merely sought to show that defendant was intoxicated at the time of the collision and failed to show or plead any claim of negligence amounting to wilful and malicious injury to the plaintiff. The trial court did not err in granting the motion for summary judgment.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

Argued October 15, 1979 — Decided October 30, 1979.

*James D. Mitchell, Leo W. Clifton, Sr.,* for appellant.
*Robert B. Remar, John L. Cromartie, Jr.,* for appellee.